NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0789n.06
Filed: October 23, 2006

No. 05-6833

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WAL JUICE BAR, INC. d/b/a THE CAT WEST, )
MARA DAVIDOWSKI CUEVAS, MALISA )
BRANDT, and LAURIE ARBAUGH, )
                                      )
      Plaintiffs-Appellants, )       ON APPEAL FROM THE
                                        )       UNITED STATES DISTRICT
      v. )       COURT FOR THE WESTERN
                                        )       DISTRICT OF KENTUCKY
CITY OF OAK GROVE, KENTUCKY, JEAN )
LEAVELL, Mayor of the City of Oak Grove; and )
COLLEEN OCHS, Oak Grove City Clerk, )
                                        )
      Defendants-Appellees. )
                                        )

---

BEFORE: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM.

Plaintiff Wal Juice Bar, Inc.[1] ("Wal Juice"), appeals the district court's partial grant of

defendants' – the City of Oak Grove, Kentucky, Jean Leavell, Mayor, and Colleen Ochs, City Clerk

(collectively "Oak Grove") – motion for summary judgment. Specifically, Wal Juice contends that

the district court should have permitted its First Amendment challenge to Oak Grove's Ordinance

---

[1] In the district court proceedings, the original plaintiffs included three individuals, Mara Davidowski Cuevas, Malisa Brandt, and Laurie Arbaugh. The district court held that these three plaintiffs did not have standing to contest the ordinance, and, accordingly, their claims were dismissed. That dismissal was not appealed.

Case No. 05-6833
*Wal Juice Bar, Inc., d/b/a/ The Cat West v. City of Oak Grove, Kentucky*

No. 1998-7, an ordinance which regulates "adult" entertainment establishments.  Conversely, Oak

Grove asserts that the district court correctly granted, in part, its motion for summary judgment on

the grounds that plaintiff had not exhausted its administrative remedies.

For the reasons that follow, we partially reverse and remand.

I.

The record facts of this case are largely undisputed.  Wal Juice owns and operates the Cat

West Show Bar, an "adult" entertainment club in Oak Grove, Kentucky.  At the time this complaint

was filed, Jean Leavell and Colleen Ochs were the Mayor and City Clerk of Oak Grove, respectively.

On September 1, 1998, Oak Grove's city council enacted Ordinance No. 1998-7, which

amended Ordinances 1996-5 and 1997-11, both of which regulated "sexually oriented businesses."

Ordinance 1998-7 was subsequently amended by Ordinance 2000-11 in 2000.  This Ordinance

regulated many aspects of operating a sexually oriented business, including mandating a $1,000

annual license tax.

On or about July 12, 2002, law enforcement officers arrested the then-manager of the Cat

West and charged him with possession of, and trafficking in, controlled substances, among other

offenses.  Four other individuals on the premises were also arrested on drug-related offenses.

Subsequently, the charged employees were terminated.

By letter dated July 19, 2002, Colleen Ochs, then City Clerk of Oak Grove, gave notice to

Wal Juice that Oak Grove intended to suspend and revoke the Cat West's sexually oriented business

license as a result of the alleged violations of sections 3.08(A)(2) and 3.09(A)(3) of Oak Grove

Ordinance 1998-7. The letter also informed Wal Juice that it was entitled to a hearing conducted by the City Clerk. Wal Juice contends that it requested a hearing, but after it decided to file the instant constitutional complaint, the hearing was held in abeyance, by agreement, pending the outcome of the challenge. In support of this proposition, Wal Juice cites a letter sent by its attorney to Oak Grove's counsel to "confirm our earlier telephone conversation that you have cancelled the hearing on the Cat West license . . . [because] we are going to file a lawsuit in federal court contesting the constitutionality of the ordinance." Oak Grove, on the other hand, contends that the "administrative hearing was cancelled by Oak Grove only when Wal-Juice informed Oak Grove via counsel that Wal-Juice was filing the subject lawsuit . . . ."

Regardless, after the filing of the instant lawsuit, the district court entered an order partially denying Wal Juice's motion for summary judgment and partially granting Oak Grove's motion for summary judgment. In doing so, the district court divided Wal Juice's claims into four categories: (1) claims related to the initial application process, (2) the claim related to the $1,000 annual renewal fee, (3) claims related to the suspension of the license following drug arrests on the premises, and (4) claims related to the revocation of the license following fact finding. Respectively, the court held that: (1) no actual injury was threatened or suffered in connection with the initial application process; (2) issues regarding whether the $1,000 fee was excessive were not dismissed; and (3) and (4) Wal Juice had failed to exhaust its administrative remedies, i.e., attend the hearing conducted by the City Clerk and thus was precluded from obtaining a judicial remedy. Via the order of partial summary judgment, the district court disposed of all of Wal Juice's claims, except the issue of

whether the license renewal fee was excessive. This issue was addressed in a later order, in which the district court denied the remainder of Oak Grove's motion for summary judgment and enjoined Oak Grove from enforcing Section 3.04, the license renewal fee. This order was not appealed by Oak Grove and is not at issue now.

In November 2005, Wal Juice timely filed a notice of appeal.

II.

This court reviews a district court's grant or denial of summary judgment de novo. *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 178 (6th Cir. 1996). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Partially granting Oak Grove's motion for summary judgment, the district court concluded that:

> With respect to claims that the revocation process runs afoul of the Constitution, Wal Juice has not exhausted its administrative remedies. According to The Ordinance, the license can be revoked only if the City Clerk finds specific facts to exist. Obviously, Wal Juice could waive its right to the fact-finding process, but it would not [sic] thereby lose its right to appeal from an adverse administrative decision.

The court recognized that, although "the First Amendment context permits some exceptions to the usual 'actual injury' requirements," Wal Juice nevertheless did "not demonstrate[] the existence of the necessary factors with respect to revocation." Instead, the district court stated that a plaintiff successfully establishing standing to make a facial challenge must show both "'unbridled discretion'

- 4 -

Case No. 05-6833
*Wal Juice Bar, Inc., d/b/a/ The Cat West v. City of Oak Grove, Kentucky*

in the decision-maker and an overbroad regulation." In a footnote, the district court concluded that Wal Juice had not done so, but merely alleged that the Ordinance was "vague and overbroad" without explanation.[2]

On appeal, Wal Juice argues that the district court "incorrectly held that Appellant failed to exhaust its administrative remedies, thereby failing to address three issues crucial to determine whether the Ordinance is unconstitutional." Specifically, Wal Juice contends that Oak Grove canceled the administrative hearing by agreement and, accordingly, should be estopped from asserting an "exhaustion of administrative remedies" defense. Finally, Wal Juice argues that the district court should have addressed its three arguments regarding the constitutionality of the Ordinance, strict liability imposed upon business owners, unreasonable inspections, and whether the City Clerk could act as a fair and impartial hearing officer. Oak Grove contends that the district court correctly determined that Wal Juice had failed to exhaust its administrative remedies. Barring this, Oak Grove urges this court to conclude that the Ordinance is constitutional.

III.

We decline to reach the merits of this case because we conclude that the district court erred in its imposition of an exhaustion prerequisite to filing suit in district court.

First, although the district court deemed the prescribed fact-finding hearing by the City Clerk a sufficient administrative remedy, at least sufficient enough to mandate Wal Juice's compliance for

---

[2]Oak Grove raised the issue of Wal Juice's failure to exhaust its administrative remedies in its answer to Wal Juice's complaint.

purposes of exhaustion, it is undisputed that the hearing never took place. Instead, Oak Grove cancelled the hearing. Regardless of the reason the hearing was cancelled, the fact that it did not occur and, consequently, Wal Juice was not afforded an administrative remedy, established that Wal Juice had no duty to exhaust.

More fundamentally, regardless of Oak Grove's failure to provide a hearing, the Supreme Court has clearly held "that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). Here, in the initial complaint, Wal Juice cited 42 U.S.C. § 1983 as the statutory authority permitting its suit because it alleged that the applicable ordinances gave rise to constitutional deprivations protected by the First, Fourth, Fifth, and Fourteenth Amendments. While we express no opinion on the merits of the claims raised by Wal Juice, pursuant to *Patsy*, the district court is the appropriate forum to decide these issues.

## IV.

For the foregoing reasons, we reverse, in part, the order of the district court and remand for further proceedings.